IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLORIDA FAIR HOUSING
ALLIANCE, INC.,

      Plaintiff,

v.                          Case No.:

RP A 7 CENTRAL LLC d/b/a
CENTRAL PLACE AT WINTER
PARK APARTMENTS,

      Defendant.

_____/

**COMPOSITE EXHIBIT "A"**

Filing # 122783981 E-Filed 03/09/2021 03:54:44 PM

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

FLORIDA FAIR HOUSING ALLIANCE, INC,                    2021-CA-2436-O

    **Plaintiff,**

v.                                                     **CIVIL ACTION SUMMONS**

RP A 7 CENTRAL, LLC d/b/a CENTRAL
PLACE    AT    WINTER    PARK
APARTMENTS,

    **Defendant.**

_____/

PATRICIA DUMAS____
CERTIFIED PROCESS SERVER
THIRTEENTH JUDICIAL CIRCUIT
ID # CPS 15-612189
DATE 4-19-21 TIME 8:32
SERVED____

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in
this action on Defendant:

    RP A 7 CENTRAL, LLC d/b/a CENTRAL PLACE AT WINTER PARK APARTMENTS
        c/o Robbins Property Associates LLC
        4890 W Kennedy Boulevard
        Suite 270
        Tampa, FL 33609

    Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's
attorney, Jibrael, S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 110 SE 6th Street, Suite
1744, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court either
before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default
will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on: _____3/12/2021_____

**Civil Division**                                     Tiffany M. Russell, Clerk of the Court
**425 N. Orange Avenue**
**Room 350**
**Orlando, Florida 32801**                             By: _____/s/ Stephanie Rawls_____
                                       As Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail.    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:    855-529-9540

*COUNSEL FOR PLAINTIFF*

Filing # 122783981 E-Filed 03/09/2021 03:54:44 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>NINTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>  COUNTY, FLORIDA

<u>Florida Fair Housing Alliance Inc</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>RP A 7 Central LLC</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION: [   ]**
(Specify)

   <u>1</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Thomas John Patti III</u>      Fla. Bar # <u>118377</u>
      Attorney or party                     (Bar # if attorney)

<u>Thomas John Patti III</u>           <u>03/09/2021</u>
(type or print name)          Date

Filing # 122783981 E-Filed 03/09/2021 03:54:44 PM

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

Case No.

FLORIDA FAIR HOUSING ALLIANCE, INC.,

   **Plaintiff,**

v.

RP A 7 CENTRAL, LLC d/b/a CENTRAL
PLACE AT WINTER PARK APARTMENTS,

   **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Despite making up *less than* **one-third (29%)** of the total U.S. population, Black and Hispanic individuals represent *more than* **half (58%)** of the individuals convicted of any felony. In light of this dystopian reality, the screening practices Defendant directs at individuals it (Defendant) *suspects* to have been convicted of *any felony* has a **disparate impact** on Black and Hispanic individuals. Yet, make no mistake, the Florida Fair Housing Alliance *is not* attempting to hold Defendant accountable for the **disproportionate criminal prosecution unjustly endured by Black and Hispanic individuals**. Rather, in acknowledgment of such undeniable fact, the Florida Fair Housing Alliance brings this action to *eliminate* the below-evidenced screening practice of Defendant because, *although facially neutral*, such practice is an unnecessary, arbitrary, and artificial barrier to housing that disproportionately impacts Black and Hispanic individuals.

As such, Plaintiff Florida Fair Housing Alliance, Inc. (the "FFH Alliance" or "Plaintiff") sues Defendant RP A 7 Central, LLC d/b/a Central Place at Winter Park Apartments ("Defendant"), **under a theory of disparate-impact liability**, for violating 42 U.S.C. § 3601 *et seq.*, the Fair Housing Act.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor  Ft. Lauderdale, Florida 33301  Phone (954) 907-1136  Fax (855) 529-9540

## INTRODUCTION

1.      "The [Fair Housing Act] is not an instrument to force housing authorities to reorder their priorities. Rather, the [Fair Housing Act] aims to ensure that those priorities can be achieved without arbitrarily creating discriminatory effects or perpetuating segregation." Inclusive Cmtys. Project, Inc., 135 S. Ct. 2507 at 2522. Due to policies and practices like blanket bans on any applicant with a felony conviction, or the more nefariously latent practices of Defendant discussed below, the FFH Alliance has documented thousands of housing units in the greater South Florida area that are unavailable to individuals with *any* felony conviction from *any* point in time, and to many individuals with a misdemeanor conviction.

2.      To combat the perpetuation of segregation and stem the discriminatory impact of needlessly unjust practices, housing providers large and small must evaluate and revise the role that criminal records screening policies and practices play in their application decisions to ensure that they are serving a substantial, legitimate, non-discriminatory interest and are not a proxy for racial discrimination.

3.      As confirmed by FFH Alliance's investigation of Defendant on November 12, 2019, Defendant has erected arbitrary, unnecessary, and otherwise hidden, barriers to housing that have an unjustifiable disparate impact on Black and Hispanic individuals. In short, the screening practices Defendant directs at individuals it (Defendant) *so much as suspects as have any felony* conviction has a disparate impact on Black and Hispanic individuals because, despite making up less than one-third of the population, Black and Hispanic represent *more than half* of all convicted felons.

4.      In the eyes of Defendant, individuals that it (Defendant) *even suspects* to have been convicted of a felony do not deserve *mere consideration* for the housing Defendant claims to be

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor  Ft Lauderdale  Florida 33301   Phone (954) 907-1136  Fax (855) 529-9540

indiscriminately available. It does not matter whether the individual *actually was* a convicted felon, suspicion alone, or as exemplified below, *mere inquiry into Defendant's handling of convicted felons* is enough.

5.      Due to the documented racial disparity in the criminal legal system, Defendant's below discussed prohibition on applicants with a felony conviction, by extension, disproportionately limits the housing opportunities of Hispanic and Black applicants in comparison to White applicants, and in so doing, violates the Fair Housing Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7.      Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Orange county, Florida.

## PARTIES

8.      The FFH Alliance is a fair housing advocacy organization and non-profit corporation formed in Florida, and headquartered in Miami-Dade, Florida. The FFH Alliance offers a variety of programs and services designed to advance fair housing in Florida. To advance its mission of ensuring equal access to housing for all, the FFH Alliance engages in education and outreach; provides counseling to individuals facing discrimination; works with local and federal officials to enhance fair housing laws and their enforcement; undertakes investigations to uncover unlawful discrimination; and, when necessary, initiates enforcement actions.

9.      Defendant is a Florida corporation, with its principal place of business located in Newton, Massachusetts.

**DEMAND FOR JURY TRIAL**

10.    Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**FACTUAL ALLEGATIONS**

11.    Approximately *1.5 million* individuals are currently *serving* a sentence of more than one year, *i.e.,* the *repayment* phrase of a felony-level debt to society, under the jurisdiction of state or federal correctional authorities in the United States. With respect to these individuals' demographics, according to the Bureau of Justice Statistics: **30%** are White, **33%** are Black, and **25%** are Hispanic.[1] In comparison to the demographics of the United States population (the total of which is estimated at 308 million), however, according to the U.S. Census Bureau: **63%** of the population is White, **13%** of the population is Black, **16%** of the population is Hispanic.[2]

12.    Despite making up a fractional percentage of the United States population in comparison to Whites, Hispanic individuals, for example, are **three times more likely** to be convicted *and* incarcerated than that of White individuals.[3] Thus, in simplest terms, a policy, procedure, or practice that arbitrarily denies, without any consideration, housing to individuals with a felony conviction will *absolutely* have a disparate impact on Black and Hispanic individuals.

13.    Pursuant to its mission of ensuring equal access to housing for all, the FFH Alliance began investigating the "Central Place at Winter Park Apartments" community, located at 7000 University Blvd, Winter Park, FL 32792 (the "Complex"), for discriminatory housing practices.

14.    Defendant is the owner and otherwise landlord of the Complex.

---

[1] Bureau of Justice Statistics, U.S. Dep't of Justice, *Prisoners in 2017*, 15 (April 2019), *available at* https://www.bjs.gov/content/pub/pdf/p17.pdf.

[2] U.S. Census Bureau, U.S. Dep't of Commerce, *Overview of Race and Hispanic Origin: 2010*, 6 (March 2011), ***available at*** https://www.census.gov/prod/cen2010/briefs/c2010br-02.pdf.

[3] *Supra* at FN. 5.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor, Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136  Fax (855) 529-9540

15.    On November 12, 2019, the FFH Alliance tested the Complex for unlawful discriminatory housing practices using a field tester.

16.    The field tester used by the FFH Alliance to test the Complex ("Field Tester" or "FT") is a *sui juris* Hispanic male with a felony conviction.

17.    On November 12, 2019, at approximately 12:13 pm, FT called the Complex at phone number 407-391-3872. After dialing this number, of which was identified as being a recorded line, FT was connected to an agent of Defendant, of whom identified himself as "Gwen." FT first asked whether rental property was available to which Defendant responded, without hesitation, that property was available, *namely*, a one-bedroom apartment. FT then asked whether his (FT's) rental application would be denied due to FT's record felony conviction, to which Defendant immediately retorted: "any felonies or crimes against [sic] other people you are denied."

18.    Defendant's response to FT regarding convicted-felon applicants demonstrates that Defendant directs individuals convicted of a felony, *the majority of which are disproportionately Black and Hispanic*, away from both the Dwelling and the Complex.

19.    Defendant did not perform any investigation or inquiry into the felony conviction had by FT. For example, Defendant did not inquire into the type of felony, the date of conviction, the nature of the conviction, let alone the circumstances surrounding the felony conviction had by FT. Defendant simply identified FT as an individual with a felony conviction, and without any inquiry or investigation, chose to deter FT from renting the property Defendant held open to the public due to FT's record felony conviction.

20.    The statements made by Defendant to FT regarding applicants previously convicted of a felony serves to discourage Black and Hispanic individuals with a criminal record from

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor  Ft Lauderdale  Florida 33301  |  Phone (954) 907-1136  Fax (855) 529-9540

applying, inspecting, and renting the Dwelling, and otherwise restricts the choices of these individuals in connection with attempts to seek, negotiate for, and ultimately rent the Dwelling.

21.    Consistent with the FFH Alliance's suspicions, *that is*, until such suspicion was *confirmed* on November 12, 2019, Defendant, whether intentionally or ignorantly, perpetuates segregated housing patterns and discourages and/or obstructs choices in the applicable community, neighborhood, and/or development.

22.    Simply put, Defendant's decision to steer individuals convicted of *any* felony away from the Complex and/or Dwelling, *i.e.*, **to flat out tell FT that individuals convicted of a felony are not accepted,** all without conducting even the most minimal inquiry into such an individual's circumstances, has a disparate impact on Black and Hispanic individuals.

23.    The harm inflicted by discriminatory practices and/or policies directed at individuals with criminal records, like those of Defendant, is significant, not only in terms of the sheer number of people affected, but also in terms of the consequences for the wellbeing of our communities. In fact, securing safe and affordable housing is a particularly crucial need for individuals reentering their communities immediately after time in prison.

24.    Research shows that success in finding adequate housing is critically important to allowing reentrants to secure employment, government benefits, and other community ties. Housing has been characterized, properly, as the "lynchpin that holds the reintegration process together."[4]

---

[4] Jeremy Travis, *But They All Come Back: Facing Challenges of Prisoner Reentry* 219 (2005).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor  Ft Lauderdale, Florida 33301   Phone (954) 907-1136  Fax (855) 529-9540

25.    As another expert put it, "[t]he search for permanent, sustainable housing portends success or failure for the entire reintegration process."[5]

26.    On April 4, 2016, more than four years ago, the U.S. Department of Housing and Urban Development ("HUD") issued a document titled *"Office of General Counsel Guidance on Application of Fair Housing Act Standards to the Use of Criminal Records by Providers of Housing and Real Estate-Related Transactions"* (the "HUD Guidance").

27.    The HUD Guidance noted that "criminal history-based restrictions on access to housing are likely disproportionately to burden African Americans and Hispanics." Id. HUD found that "where a policy or practice that restricts access to housing on the basis of criminal background has a disparate impact on individuals of a particular race ... such policy or practice is unlawful under the Fair Housing Act if it is not necessary to serve a substantial, legitimate, nondiscriminatory interest of the housing provider." *See* HUD Guidance.

28.    Ultimately, HUD concluded that **"a discriminatory effect resulting from a policy or practice that denies housing to anyone with a prior arrest or any kind of criminal conviction cannot be justified, and therefore such a practice would violate the Fair Housing Act."** Id. (emphasis added).

29.    Further, HUD made clear that no substantial, legitimate, nondiscriminatory interest can be served where "[a] housing provider ... imposes a blanket prohibition on any person with any conviction record – no matter when the conviction occurred, what the underlying conduct entailed, or what the convicted person has done since then." Id. The FFH Alliance finds the same.

---

[5] Barbara H. Zaitzow, *We've Come a Long Way, Baby...Or Have We? Challenges and Opportunities for Incarcerated Women to Overcome Reentry Barriers* 233 (in Global Perspectives on Re-Entry (2011)).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor  Ft. Lauderdale, Florida 33301   Phone (954) 907-1136  Fax (855) 529-9540

30.    According to recent data, studies, and HUD findings, Hispanic and Black people are arrested, convicted, and imprisoned at vastly disproportionate in country as a whole, of which is consistent within the State of Florida. As such, the discriminatory steering practices of Defendant, those the above-transcribed interaction between Defendant and FT exemplifies, actually and predictably results in a disparate impact to Hispanic and Black people.

31.    Defendant's practice or otherwise policy regarding the criminal history of individuals seeking to rent, utilize, or otherwise occupy the Dwelling is unlawful under the Fair Housing Act, as it has a disparate impact on Black and Hispanic individuals and otherwise fails to serve a substantial, legitimate, nondiscriminatory interest of the housing provider.

32.    Defendant's acts impaired the FFH Alliance's ability to engage in projects by forcing the FFH Alliance to devote resources to counteract the herein complained of actions of Defendant. Further, the resources diverted are independent of the cost of detecting and challenging, *via* non-legal means, the alleged misconduct of Defendant. Simply put, the FFH Alliance was forced to divert resources from, *among other things,* its counseling, outreach, and educational efforts, and into the advancement of this litigation to protect the FFH Alliance's core mission.

33.    Despite the prelitigation efforts of the FFH Alliance, Defendant refuses to evaluate and revise the role that criminal records, or more pointedly, the mere suspicion of a felony conviction, play in Defendant's screening policies and practices to ensure that Defendant is not perpetuating segregation and otherwise needlessly erecting barriers to housing.

34.    Consistent with FFH Alliance's fair housing testing efforts, FFH Alliance has a practice of continuing to monitor and test those entities and individuals found to have been engaged in discriminatory housing practices. FFH Alliance's will continue monitoring Defendant, and its agents, in order to determine its (Defendant's) ongoing compliance with the Fair Housing Act.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor  Ft. Lauderdale, Florida 33301  Phone (954) 907-1136 | Fax (855) 529-9540

## *COUNT I.*
## VIOLATION OF THE FAIR HOUSING ACT – 42 U.S.C. § 3604(d)

35.     Plaintiff, the FFH Alliance, incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein.

36.     Defendant is liable to Plaintiff for all injuries caused by the Fair Housing Act violations committed by Defendant and the agents of Defendant.

37.     Defendant authorized its agents to act for it (Defendant) when Defendant's agents committed the Fair Housing Act violations alleged herein. The agents of Defendant accepted the undertaking of acting on behalf of Defendant when they (Defendant's agents) committed the Fair Housing Act violations alleged herein. Defendant had control over its (Defendant's) agents when said agents committed the Fair Housing Act violations alleged herein.

38.     Here, Defendant's practice of, without any review or investigation, turning away individuals with a felony criminal record is an arbitrary and artificial barrier to housing, the likes of which is unnecessary to achieve a valid interest or legitimate objective. Further, a robust causal link exists between Defendant's discussed practices and the disparate impact on Black and Hispanic people, as Black and Hispanic individuals are disproportionally more likely to have been convicted of a felony than that of white individuals. Defendant's practice of denying, or otherwise without any review or investigation, turning away prospective individual it merely *thinks* was previously convicted of a felony has a direct, disproportionate discriminatory effect on Black and Hispanic individuals.

39.     Defendant has violated the Fair Housing Act by, *inter alia*, making unavailable and/or otherwise denying the Dwelling to individuals on the basis of race and/or criminal record.

40.     FFH Alliance has been aggrieved, harmed, and its (the FFH Alliance's) goal otherwise thwarted, by above-exemplified latent discriminatory hurdle Defendant perpetuates – of

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor  Ft Lauderdale, Florida 33301   Phone (954) 907-1136  Fax (855) 529-9540

which Defendant continues to practice despite such practices being explicitly condemned by HUD.

*See* <u>HUD Guidance</u> (wherein HUD concluded that "a discriminatory effect resulting from a policy or practice that denies housing to anyone with a prior arrest or any kind of criminal conviction cannot be justified, and therefore such a practice would violate the Fair Housing Act.").

41.    The FFH Alliance, having uncovered Defendant's latent discriminatory practice and/or policy – has suffered damages in light of the FFH Alliance's goals, purpose, and ongoing monitoring efforts. Further, due to Defendant's conduct, the FFH Alliance's has suffered, is continuing to suffer, and will in the future suffer, irreparable loss and injury and a real and immediate threat of future discrimination by Defendant.

42.    WHEREFORE, Plaintiff FFH Alliance, respectfully, requests that this Court:

(a)    Declare the above-mentioned actions, practices, omissions, polices, and procedures, of Defendant to be in violation of the Fair Housing Act;

(b)    Award damages to Plaintiff against Defendant;

(c)    Enter a permanent injunction enjoining Defendant from using the steering practices complained of herein;

(d)    Enter a permanent injunction compelling Defendant to amend its (Defendant's) polices, Procedures, and practices, that have a disparaging impact on Black and Hispanic individuals;

(e)    Award Plaintiff costs and reasonable attorneys' fees; and

(f)    Any other relief that this Court deems appropriate and just under the circumstances.

DATED: March 9, 2021

Respectfully Submitted,

s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor   Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136  Fax (855) 529-9540

E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:        855-529-9540

*COUNSEL FOR PLAINTIFF*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor  Ft. Lauderdale, Florida 33301  |  Phone (951) 907-1136  Fax (855) 529-9540