IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FLORIDA FAIR HOUSING
ALLIANCE, INC.,

    Plaintiff,

v.                                        Case No.: 6:21-cv-00804-CEM-GJK

RP A 7 CENTRAL LLC d/b/a
CENTRAL PLACE AT WINTER
PARK APARTMENTS,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Defendant RP A 7 CENTRAL LLC d/b/a CENTRAL PLACE AT WINTER PARK APARTMENTS, ("CENTRAL PLACE") by and through its undersigned counsel and hereby responds to the allegations in Plaintiff's Complaint and Demand for Jury Trial in this action as follows:

### INTRODUCTION

1. Without knowledge and therefore denied.

2. Without knowledge and therefore denied.

3. Denied.

4. Denied.

5. It is denied that Defendant has any such prohibition; in all other respects the allegations of this paragraph are denied.

## JURISDICTION AND VENUE

6. The allegations in this paragraph are denied because they relate to the state court action which has been removed.

7. The allegations in this paragraph are denied because they relate to the state court action which has been removed.

## PARTIES

8. Without knowledge and therefore denied.

9. Denied. Pleading further, it is denied that the Defendant operates, manages or otherwise controls the day-to-day operation of this apartment community. It is further denied that anyone who answered the telephone works for or is an agent for this defendant.

## DEMAND FOR JURY TRIAL

10. Defendant demands a jury trial of all issues in this cause.

## FACTUAL ALLEGATIONS

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

14. It is admitted that the Defendant is the ultimate owner of the realty; otherwise denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. It is admitted that a call occurred: otherwise denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Without knowledge and therefore denied.

28. Without knowledge and therefore denied.

29. Without knowledge and therefore denied.

30. Without knowledge and therefore denied.

31. It is denied that defendant has any such practice; otherwise denied.

32. Denied.

33. Any "pre-litigation efforts" are inadmissible under FRE Rule 408 and therefore has no place in this pleading; otherwise denied

34. Without knowledge and therefore denied.

## COUNT I
## VIOLATION OF THE FAIR HOUSING ACT – 42 U.S.C. § 3604(d)

35. Defendant adopts and incorporates its answers to the preceding paragraphs as if fully set forth herein.

36. It is denied that Defendant violated the Fair Housing Act and it is therefore

denied that Defendant owes any damages to Plaintiff.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. This numbered paragraph is the Plaintiff's prayer for relief to which no responsive pleading is required.

## AFFIRMATIVE DEFENSES

Defendant pleads the following affirmative and other defenses and by doing so does not assume the burden of proof with respect to them.

## AFFIRMATIVE DEFENSE I

The complaint fails to state a claim upon which relief can be granted as to this defendant because this defendant does not manage or control the employees alleged to be responsible for the damages claimed herein.

## AFFIRMATIVE DEFENSE II

The Plaintiff, as the alter ego of its founder, lacks standing to bring this claim because it is not a bona fide prospective tenant of a residential apartment community.

## AFFIRMATIVE DEFENSE III

The Plaintiff, lacks standing to bring claim because it is not a convicted felon which is the class of persons which the statute seeks to protect.

### AFFIRMATIVE DEFENSE IV

The complaint fails to state a claim for unlawful housing discrimination because the Plaintiff, as the alter ego of its funder, was not ready willing and able to rent and the Plaintiff did not apply for and establish qualifications to rent.

### AFFIRMATIVE DEFENSE IV

The Plaintiff's claim for damages is barred to the extent that Plaintiff has failed to mitigate its damages.

### AFFIRMATIVE DEFENSE V

The complaint fails to state a claim for unlawful housing discrimination because the Plaintiff was not ready willing and able to rent and the Plaintiff did not apply for and establish qualifications to rent.

### AFFIRMATIVE DEFENSE VI

The Defendant lacks standing pursuant to Federal Rule of Civil Procedure 12(b)(1).

### AFFIRMATIVE DEFENSE VII

The Plaintiff has failed to state a claim for disparate impact discrimination under the Fair Housing Act and therefore the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### AFFIRMATIVE DEFENSE VIII

The Plaintiff, as the alter ego of its founder, cannot show it would have been qualified to rent given the type of crimes which he has committed which include multiple burglaries and incarceration therefor.

WHEREFORE, Defendant, CENTRAL PLACE, requests that the Court enter judgment in favor of Defendant whereby dismissing the claims of Plaintiff awarding Defendant reasonable attorney's fees and costs incurred in defending this action.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to: Jibrael S. Hindi, Esq. at jibrael@jibraellaw.com, this 17th day of May, 2021.

       *s/ Steven G. Wenzel*
**STEVEN G. WENZEL**
Florida Bar Number: 159055
**Wenzel Fenton Cabassa, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-386-0995
Facsimile No.: 813-229-8712
Email: swenzel@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**